IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA I. CALLINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1975-C-BN |
| | § | |
| SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge Sam R. Cummings.

The Court has granted Plaintiff Patricia I. Callins leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, *see* Dkt. No. 4, and has ordered her complaint served under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), *see* Dkt. Nos. 8, 9, & 10.

On September 15, 2017, Defendant Swift Transportation of Arizona, LLC moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and, alternatively, moved for a more definite statement under Federal Rule of Civil Procedure 12(e). *See* Dkt. No. 12. Swift represents to the Court that it conferred with Callins prior to filing its motion and that she does not oppose the alternative relief requested under Rule 12(e). *See id.* at 8.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that Swift's motion be denied in part and granted in part, in that the Court should deny the motion to dismiss without prejudice but grant the motion for a more definite statement by requiring that Callins file an amended complaint using the attached *pro se* form complaint for employment discrimination approved by the Administrative Office of the U.S. Courts.

**Applicable Background, Legal Standards, and Analysis**

In August 2017, prior to the Court ordering that her complaint be served, Callins filed verified responses to the Court's screening questionnaire [Dkt. No. 6]. Her filing consists of a four-page written response to the questionnaire and more than 150 pages of documents, including documents filed with the EEOC. *See* Dkt. No. 7.

Although it does appear that Swift has addressed the substance of the verified questionnaire responses in its motion, *see generally* Dkt. No. 12, verified responses to interrogatories, issued to "[t]o aid in the determination of whether an IFP complaint is frivolous," "become part of the plaintiff's pleadings," *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

That said, submitting over 100 pages of documents does not equate to "plead[ing] facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive

a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The Supreme Court of the United States "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

With these principles in mind, the undersigned finds that Swift's motion to dismiss should be denied without prejudice at this time and that the Court should

grant the alternative – and unopposed – motion for a more definite statement by requiring that Callins file, within a reasonable time to be set by the Court, an amended complaint using the *pro se* form complaint for employment discrimination attached to these findings, conclusions, and recommendation. And to the extent that Callins need attach additional pages to the form to set out the facts supporting her claims, she should be instructed to state "simply, concisely, and directly" all actions by Swift that she contends entitle her to relief.

**Recommendation**

The Court should grant in part and deny in part the motion to dismiss and, alternatively, for a more definite statement [Dkt. No. 12] by denying without prejudice the motion to dismiss and granting the motion for a more definite statement by requiring that Plaintiff Patricia I. Callins file, within a reasonable time to be set by the Court, an amended complaint using the *pro se* form complaint for employment discrimination attached to these findings, conclusions, and recommendation after instructing Callins that, should she need attach additional pages to the form to set out the facts supporting her claims, she only should use those additional pages to state "simply, concisely, and directly" all actions by Swift that she contends entitle her to relief.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 18, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE