IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA I. CALLINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1975-C-BN |
| | § | |
| SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This *pro se* employment discrimination action filed by Plaintiff Patricia I. Callins has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings.

Defendant Swift Transportation Co. of Arizona, LLC moves to dismiss Callins's defamation claim under the Texas Citizens Participation Act (the "TCPA"), TEX. CIV. PRAC. & REM. CODE §§ 27.001-27.011. *See* Dkt. No. 34 (the "Motion to Dismiss"). A response, reply brief, and court-authorized sur-reply have been filed. *See* Dkt. Nos. 39, 40, 41, 42, & 45. The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should grant the Motion to Dismiss and dismiss the defamation claim with prejudice.

**Applicable Background**

Through her amended complaint, Callins alleges "Defamation," further

explaining that "[d]amages [are] sought because [Swift] made false accusations and statements to Texas Workforce Commission [(the "TWC")] which lead to determination decision of Denial of Unemployment Benefits." Dkt. No. 18 at 4, 5; *see also id.* at 7 (stating that "[t]he defendant ensited [sic] to [TWC] giving false, and accusatory information, which resulted in denial of Unemployment Benefits" and seeking damages based in part on "loss from defamation").

While the undersigned will address below the TCPA's applicability in this action, as to the factual sufficiency of Callins's defamation claim, the Motion to Dismiss provides that Callins "has summarily concluded that Swift's communication to the TWC defames her without so much as identifying any allegedly defamatory statement, who made any defamatory statement, or when." Dkt. No. 34 at 5 (footnotes omitted). Callins responds by, arguably, better identifying the allegedly defamatory communications:

> Swift submitted false facts of evidence to TWC during October 20,2015 response to the TWC's Appeal Tribunal Decision. The false facts of evidence consisted of statements about repeated violations of Company policies, falsified company policies documents, false statements about "Warnings" to me, false charges of preventable accidents, false statements about having safety training because of accidents I had, and false charges of misconduct. These untrue and falsified statements of fact from the Defendant were produced after TWC made [its] decision to grant my Unemployment Benefits. To assure that this decision would be reversed, and they (Swift), would not be charged for my unemployment benefits, Defendant, Swift, appealed to TWC by submitting fabricated, untrue, and false statements about me. The Defendant addressed reasons for my termination with quotes from their Driving Handbook that were misread, altered, and fabricated. The Defendant freely spoke and wrote untrue and false statements about me which was used with malice to discredit me, and finally get their desired results of me being disqualified from Unemployment Benefits from TWC.

> Also to note, items of fact listed below have all been documented in the resubmitted complaint for Employment Discrimination, which was requested by the Defendant, and ordered by the Court:
> 1. I noted and brought to the attention to Swift, an Unequal treatment Incident on June 18,2015. (10 months after hire date)
> 2. Swift stated firm false witness against me in a Performance Counseling Report, July 20, 2015, and, also in this report, I wrote comment note to Swift that I submitted claims of employment discrimination to Equal Employment Opportunity Commission. Defendant wrote information in this report that was untrue and false facts, and this too, is an issue of defamation. Note also, in this same Counseling report, there was no mention of any preventable accidents, no mention of any Warnings, no mention of any Safety training for having accidents. (11 months after hire date).
> ... I support my claim of defamation with the knowledge that the submissions of untrue, falsified statements produced by the Defendant, and then disseminated to TWC and others, caused great harm to my reputation and livelihood, and my future.

Dkt. No. 39 at 2-3.

In reply, Swift maintains that "Plaintiff has still not identified any specific statement that is allegedly defamatory, who made the statement, when it was made, to whom, and how it was false. Instead, Plaintiff merely repeats her conclusive and unsupported allegations and refers only to the same allegations in her Amended Complaint for support which are similarly insufficient to survive [the Motion to Dismiss]." Dkt. No. 40 at 2.

**Legal Standards and Analysis**

I.  <u>The TCPA generally</u>

The TCPA is "an anti-SLAPP statute" – the acronym meaning "strategic litigation against public participation" – "that allows a claim to be dismissed when the defendant can show that the claim was brought to chill the exercise of First

Amendment rights." *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 746 & n.3 (5th Cir. 2014) (citing TEX. CIV. PRAC. & REM. CODE § 27.003(a)).

> The purpose of the TCPA is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. To achieve this, the TCPA provides a means for a defendant, early in the lawsuit, to seek dismissal of certain claims in the lawsuit. *See id.* § 27.003.
>
> If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action. *Id.* § 27.003(a). The motion to dismiss generally must be filed no later than sixty days after service of the legal action, although the TCPA provides that a court can extend the filing deadline on a showing of good cause. *Id.* § 27.003(b). On the filing of a motion to dismiss pursuant to § 27.003(a), all discovery in the legal action is suspended until the court has ruled on the motion to dismiss, except as provided by § 27.006(b). *Id.* § 27.003(c). Section 27.006(b) states, "[o]n a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion." *Id.* § 27.006(b).

*Id.* at 746.

II.  <u>The applicability of the TCPA</u>

The Court has jurisdiction over this action based on the federal question presented by Callins's Title VII claim, *see* 28 U.S.C. § 1331, and it has supplemental jurisdiction over the state law defamation claim raised in the amended complaint under 28 U.S.C. § 1367. Texas substantive law therefore applies to that claim. *See, e.g.*. *Sommers Drug Stores Co. Emp. Profit Sharing Tr. v. Corrigan*, 883 F.2d 345, 353 (5th Cir. 1989) ("A federal court exercising pendent jurisdiction over state law claims, must apply the substantive law of the state in which it sits." (citing *United Mine Workers v.*

*Gibbs*, 383 U.S. 715, 726 (1966) (citing, in turn, *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)))).

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). "The same rule applies to state law claims over which the court is exercising supplemental jurisdiction." *Miller v. Credit*, Civ. A. No. 12-138-JWD-RLB, 2015 WL 4132981, at *6 (M.D. La. July 8, 2015) (citing *Gasperini*, 518 U.S. at 419; *Songcharoen v. Plastic & Hand Surgery Assocs., P.L.L.C.*, 561 F. App'x 327, 332 (5th Cir. 2014) (per curiam) ("Mississippi substantive law and federal procedural law apply to the state law claims.")).

But, even if an *Erie* analysis of a rule of state law determines it to be substantive and not procedural, "[i]f there is a 'direct collision' between a state substantive law and a federal procedural rule that is within Congress's rulemaking authority, federal courts apply the federal rule and do not apply the substantive state law." *Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017) (*Block II*) (citing *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011) ("'The initial step is to determine whether, when fairly construed, the scope of [the federal procedural rule] is 'sufficiently broad' to cause a 'direct collision' with the state law or, implicitly, to 'control the issue' before the court, thereby leaving no room for the operation of that law.'" (quoting *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987))).

"The applicability of state anti-SLAPP statutes in federal court is an important and unresolved issue in this circuit." *Id.* (footnote omitted). In *Block II*, the Fifth

Circuit panel cited the decisions of prior panels that noted "this … open question" – *Block v. Tanenhaus*, 815 F.3d 218, 221 (5th Cir. 2016); *Cuba v. Pylant*, 814 F.3d 701, 706 & n.6 (5th Cir. 2016); *Lozovyy v. Kurtz*, 813 F.3d 576, 582-83 (5th Cir. 2015); *Culbertson v. Lykos*, 790 F.3d 608, 631 (5th Cir. 2015); *Mitchell v. Hood*, 614 F. App'x 137, 139 n.1 (5th Cir. 2015) (per curiam); *NCDR*, 745 F.3d at 752-53 (5th Cir. 2014). *See Block II*, 867 F.3d at 589 n.2.

But these decisions "post-date [the panel] decision in *Henry v. Lake Charles American Press, L.L.C.*, 566 F.3d 164 (5th Cir. 2009), which stated without explanation that 'Louisiana law, including the nominally-procedural Article 971, governs this diversity case.' *Id.* 168-69." *Id.*; *see also Cuba*, 814 F.3d at 706 n.6 ("The *Henry* court reasoned that even though the Louisiana anti-SLAPP statute was built around a procedural device – a special motion to dismiss – it nonetheless applied in federal court under the *Erie* doctrine because it was functionally substantive." (citation omitted)). The panel in *Block II* further explained that,

> [i]n *Lozovyy*, we noted the possibility that, particularly in light of our subsequent decisions, *Henry* could be interpreted as assuming the applicability of Article 971 for purposes of that case without deciding its applicability in federal courts more generally. *Lozovyy*, 813 F.3d at 582-83. Similarly, we noted in *Pylant* that *Henry* did not address "whether, under the *Erie* doctrine, the array of state procedural rules surrounding anti-SLAPP motions to dismiss (*viz.* discovery stays, accelerated timetables for decision, and the like) follow the core anti-SLAPP motion to dismiss into federal court." *Pylant*, 814 F.3d at 706 n.6; *cf. id.* at 719 (Graves, J., dissenting) (addressing *Erie* question not reached by majority opinion and stating that similar anti-SLAPP statute in Texas is inapplicable in federal court because it is procedural (citing *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015))).

*Block II*, 867 F.3d at 589 n.2; *see also Rudkin v. Roger Beasley Imps., Inc.*, No. A-17-

CV-849-LY, 2017 WL 6622561, at *1-*3 (W.D. Tex. Dec. 28, 2017) (finding that the TCPA does not apply in federal court: "Having reviewed the issue, the undersigned concurs with the D.C. Circuit's analysis in *Abbas*, and Judge Graves' dissent in [*Cuba*]. Rather than restate the conclusions reached by Judge Graves and the D.C. Circuit, the Court will instead simply adopt their analyses. In brief, the TCPA contains procedural provisions setting forth deadlines to seek dismissal, deadlines to respond, and even deadlines for the court to rule, as well as appellate rights, and the recovery of attorney's fees. It is a procedural statute and thus not applicable in federal court. Even if the statute is viewed to be somehow substantive, it still cannot be applied in federal court, as its provisions conflict with Rules 12 and 56, rules well within Congress's rulemaking authority."), *rec. accepted*, Dkt. No. 20 (W.D. Tex. Jan. 31, 2018), *interlocutory appeal noticed*, Dkt. No. 21 (W.D. Tex. Feb. 26, 2018).

To resolve the Motion to Dismiss, however, the Court need not wade further into this thicket at this time. In short, the following reasons supporting the dismissal of Callins's state law defamation claim are not inconsistent with the standards under Rule 12. The Motion to Dismiss may therefore be determined without addressing the clearly procedural aspects of the TCPA consistent with the current state of Fifth Circuit authority.

III. <u>The substantive analysis</u>

> The TCPA sets out a two-step inquiry when a party moves to dismiss. The movant has the initial burden to show, by a preponderance of evidence, that the activity that forms the base of the claim against him is protected by the statute – that is to say, that the suit arises from the movant's exercise of his right to free speech, association, or petition. If he meets

> that burden, the trial court must dismiss unless the party opposing dismissal can point to "clear and specific evidence" that establishes a prima facie case for each essential element of his claim. *See In re Lipsky*, 460 S.W.3d 579, 586-87 (Tex. 2015) (explaining the two-step inquiry). The "clear and specific evidence" requirement, however, as interpreted by Texas courts, is more like a pleading requirement than a summary-judgment standard. The TCPA section on "Evidence" provides that "[i]n determining whether a legal action should be dismissed under this chapter, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. PRAC. & REM. CODE ANN. § 27.006 (West 2011). And the Texas cases inform that a litigant's evidentiary burden in a TCPA motion may be satisfied by either detailed pleading or supporting affidavits: A party need not provide "evidence" in the traditional sense if the pleadings are sufficiently clear.

*Cuba*, 814 F.3d at 711 (footnote omitted).

The first step, then, is for Swift to show, by a preponderance of the evidence, that Callins's defamation claim "is based on, relates to, or is in response to [Swift's] exercise of the right of free speech, right to petition, or right of association." TEX. CIV. PRAC. & REM. CODE § 27.003(a). Swift has made this showing. *See* Dkt. No. 34 at 5 ("It is clear from Plaintiff's words in her Amended Complaint that she is attempting to bring legal action against Swift in violation of Swift's right to petition which protects its communication with the TWC in the course of Plaintiff's unemployment benefits claim process. A TWC unemployment benefits determination and appeal proceeding constitutes an 'official proceeding' as well as a 'governmental proceeding' under the Act. The TWC is a state agency established under the Texas Labor Code. TEX. LAB. CODE § 301.001. Unemployment benefit decisions and payments are made through the TWC in accordance with its rules. *Id.* § 207.001. Resolving disputes over claims are the responsibility of the TWC under the dispute resolutions provisions of Chapter 212 of

the Texas Labor Code, which provides for administrative appeals considered by hearing officers who are employees of the TWC, as well as by the TWC itself."); *see also* TEX. CIV. PRAC. & REM. CODE § 27.001(4) (defining "exercise of the right to petition" to include "a communication in or pertaining to ... an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government" and "a communication in or pertaining to ... a proceeding of the governing body of any political subdivision of this state").

Therefore, the burden shifts, and the Court must determine whether Callins's pleadings set out her defamation claim with sufficient clarity, *see Cuba*, 814 F.3d at 711 – that is, whether she has alleged a prima facie case of defamation, *see Lipsky*, 460 S.W.3d at 584; TEX. CIV. PRAC. & REM. CODE § 27.005(c).

> The elements of a prima facie case for defamation are: (1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth of the statement (negligence if the plaintiff is a private individual); and (4) damages, unless the statement constitutes defamation per se.

*Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017) (per curiam) (citing *D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 434 (Tex. 2017) (citing, in turn, *Lipsky*, 460 S.W.3d at 593; *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998))).

And "[a] statement is defamatory if the words tend to injure the plaintiff's reputation, exposing him to hatred, contempt, ridicule, or financial injury, or if it tends to impeach the person's honesty, integrity, or virtue." *Hoskins v. Fuchs*, 517 S.W.3d 834, 840 (Tex. App. – Fort Worth 2016, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 73.001)). "To qualify as defamatory," moreover, "a statement should be

derogatory, degrading, somewhat shocking, and contain elements of disgrace. But a communication that is merely unflattering, abusive, annoying, irksome, or embarrassing, or that only hurts the plaintiff's feelings, is not actionable." *Id.* (citing *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 356 (Tex. App. – Houston [1st Dist.] 2013, pet. denied)).

More fundamental to Callins's defamation claim, "[c]onclusory allegations do not suffice to meet [her] burden." *Fawcett v. Grosu*, 498 S.W.3d 650, 663 (Tex. App. – Houston [14th Dist.] 2016, pet. denied) (citations omitted); *see Lipsky*, 460 S.W.3d at 591 ("In a defamation case that implicates the TCPA, pleadings and evidence that establishes the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient to resist a TCPA motion to dismiss.").

All Callins has alleged here as to defamation – and only if the Court liberally construes her response to the Motion to Dismiss as amending that claim – is the who, when, and where of the allegedly defamatory statements. *See* Dkt. No. 39 at 2-3. Callins has not alleged what specifically was said. And, by failing to do that, Callins also has failed to allege the defamatory nature of any statement that she claims defamed her. She therefore has not carried her burden to at least plead a prima facie case for defamation. And, because the Court already has granted Callins leave to file an amended complaint, *see* Dkt. Nos. 12, 14, 18, & 19, the defamation claim should be dismissed with prejudice.

This analysis under the TCPA under the facts and circumstances of this

particular action is not dissimilar to the analysis the Court would have undertaken had Swift moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to this claim. The standard for dismissal on the pleadings under Rule 12(c) is the same as that for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *accord Gentilello v. Rage*, 627 F.3d 540, 543-44 (5th Cir. 2010). Under Rule 12(b)(6), the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

Quite simply, Callins's defamation claim would not "survive a motion to dismiss"

under *Twombly* and *Iqbal* because she has failed to "plead facts sufficient to show" that the defamation claim has "substantive plausibility" by stating "simply, concisely, and directly events" that support such a claim – fundamentally, what was said. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

## Recommendation

The Court should grant Defendant Swift Transportation Co. of Arizona, LLC's motion to dismiss Plaintiff Patricia I. Callins's defamation claim under the Texas Citizens Participation Act [Dkt. No. 34] and dismiss that claim with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 28, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE