IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA I. CALLINS, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-cv-1975-C-BN |
| SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, | § § § § | |
| Defendant. | § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>

This employment discrimination action filed by a plaintiff proceeding *pro se* has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings.

Defendant Swift Transportation Co. of Arizona, LLC filed a motion for summary judgment. *See* Dkt. No. 57 & 59.

The Court entered an order notifying Plaintiff Patricia I. Callins of the summary judgment standards and setting a deadline for her to respond. *See* Dkt. No. 58. She did not file a response, and the deadline by which to do so has expired. *See id.*

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion for summary judgment and dismiss Ms. Callins's remaining claims with prejudice.

**Applicable Background**

In her amended complaint, Ms. Callins, who is African-American, brings claims of race and gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964 as well as state-law claims for defamation and breach of contract. *See* Dkt. No. 18.

The Court previously dismissed Ms. Callins's defamation claim, granting Swift's motion to dismiss that claim under the Texas Citizens Participation Act [Dkt. No. 34]. *See Callins v. Swift Transp. Co. of Ariz., LLC*, No. 3:17-cv-1975-C-BN, 2018 WL 4290790 (N.D. Tex. Feb. 28, 2018), *rec. accepted*, 2018 WL 4283555 (N.D. Tex. Sept. 7, 2018). And the United States Court of Appeals for the Fifth Circuit dismissed, for want of prosecution, Ms. Callins's appeal of that dismissal. *See* Dkt. No. 68.

As to her Title VII claims, Ms. Callins identifies the following as discriminatory conduct: termination of her employment, unequal terms and conditions of her employment, retaliation, and "Accusation of Misconduct, Slander, Subjected to Breach of Contract, subject to danger." Dkt. No. 18 at 4. And she provides the following "Statement of Claim":

> 1. I am entitled to damages sought because the DEFENDANT accused me of misconduct on Jan. 2, 2015, in the Performance Counseling Report, (PCR).
> 2. Damages sought because the DEFENDANT accused me of being rude to store manager on Jan 31, 2015, and stated to bar me from that route which potential to earn more income.
> 3. Damages sought because the DEFENDANT stated that on Feb. 4, 2015, I supposedly had heard some employees talking, then became belligerent and loud. Employees told defendant to remove me from that route.
> 4. Damages sought because the DEFENDANT accused me of using

offensive and abusive language on March 27, 2015.

5. Damages sought because the DEFENDANT used unfair and unequal treatment issuing routes on Jun 16, 2015.

6. Damages sought because the DEFENDANT accused of cursing, Misconduct, subjected to threats by store manager, subjected to Breach of Contract during delivery and in route to another delivery on Jun 24, 2015.

7. Damages sought because the DEFENDANT accused of Breach of Contract and Misconduct of delivery route, brought on by bad and unsafe conditions of the trucks on July 16, 2017.

8. Damages sought because the DEFENDANT accused me of misconduct by not working on scheduled work day, per July 20, 2015 PCR.

9. Damages sought because the DEFENDANT terminated me from employment Oct 26, 2016 stating reason:

    10/25/2014 preventable right turn crash in Pantego, Tx.

    10/6/2015 preventable rear-end crash in Ft. Worth, Tx.

10. Damages sought because the DEFENDANT made false accusations and statements to Texas Workforce Commission which lead to determination decision of Denial of Unemployment Benefits.

11. Damages sought because the DEFENDANT subjected my CDL driving record to untrue and negative incident information in which viewed by potential employers, and in seeking references, depicts or represents negative results for me.

12. Damages sought because the DEFENDANT issued more lucrative routes to White, (Caucasian), men and white, (Caucasian), women, and barred me from certain routes.

13. Damages sought because the DEFENDANT continues to declare that I acted with Misconduct while employed with them, and they continue to discredit my service, reputation, by giving false reference statements to potential employers of whom which I seek to continue fulfillment of my career and life.

*Id.* at 5-6.

In the operative, unverified complaint, Ms. Callins identifies two EEOC charges – one filed on July 13, 2015 and a second filed on July 27, 2017. *See id.* at 7. Both are attached to the complaint. *See id.* at 8 & 10.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the

pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation

marks and footnote omitted)).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either

because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

"[T]he traditional leniency afforded to a pro se plaintiff does not excuse [Ms. Callins] from her burden of opposing summary judgment through the use of competent summary judgment evidence." *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trs.*, 709 F. App'x 243, 246 (5th Cir. 2017) (per curiam) (citing *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("[T]his is not to say that pro se plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.")). And, "[a]lthough courts should advise *pro se* [parties] of procedural rules," *Brown v. Megg*, 857 F.3d 287, 289 n.1 (5th Cir. 2017) (citing *Davis*, 798 F.3d at 293-94), the United States Court of Appeals for the Fifth Circuit "has held that they need not be given additional notice of the consequences of a summary judgment motion and the right to submit opposing affidavits as the notice given by Rule 56 and the local rules suffices," *id.* (citing *Martin*

*v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992)).

That said, the verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Rule 56(e). *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *accord Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.").

## Analysis

I.  Employment Claims

Ms. Callins filed her first charge of discrimination against Swift on July 13, 2015 – prior to Swift's terminating her employment after she incurred a third accident in October 2015. *See* Dkt. No. 57-2 at 43-46. That charge is based on sex and race discrimination that Ms. Callins asserts occurred on June 24, 2015 because, according to her, Swift "routinely puts African Americans on the less financially beneficial routes. I am aware that individuals outside of my protected status are given the better routes." Dkt. No. 18 at 8; *see also id.* at 24 (notice of right to sue concerning this charge, issued May 26, 2017). These factual allegations should be liberally construed to support the legal conclusion in Ms. Callins's complaint that she was subjected to unequal terms and conditions of employment.

Ms. Callins's second charge against Swift, dated July 27, 2017, concerns discrimination that she alleges occurred on October 26, 2015 and includes the following narrative:

> I was hired with the above-referenced company on or about September 04, 2014, as a Professional CDL Driver. During my tenure, I performed my job duties satisfactorily.
> On October 25, 2014, within 60 days of hire date, I was charged with a preventable accident in which on September 24, 2015, during a driving review, this charge was deleted thru "fresh start", from my driving record.
> On October 6, 2015, I was involved in a truck accident that resulted in non-preventable accident. The company failed to conduct a proper investigation on my behalf and falsified information. As a result, I challenged the citations in court, which resulted in a dismissal of all citations. Nonetheless, the company indicated that I was a high risk driver and discharged me from my position.
> I believe I was discriminated against based on my race (Black), gender (female), and In retaliation for filing charges of discrimination against the company, in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.* at 10; *see also id.* (dismissal and notice of rights concerning this charge, issued July 27, 2017).

### A.  Exhaustion

Swift raised as an affirmative defense that Ms. Callins "failed to timely exhaust her administrative remedies under Title VII." Dkt. No. 21, ¶ V(3). And it now moves for summary judgment on that defense.

While a statute's "administrative exhaustion requirement is not a jurisdictional bar to suit," *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 306 (5th Cir. 2018) (discussing Title VII), that "does not mean that this requirement should be ignored," *id.* at 307.

> "The purpose of this exhaustion doctrine is to facilitate the administrative agency's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." Administrative exhaustion is important because it provides an opportunity for voluntary compliance before a civil action is instituted. For this reason, Title VII requires administrative exhaustion.

*Id.* (quoting *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012)); *compare Taylor v. Lear Corp.*, No. 3:16-cv-3341-D, 2017 WL 6209031, at *2 (N.D. Tex. Dec. 8, 2017) ("It is well settled that courts may not entertain claims brought under Title VII as to which an aggrieved party has not first exhausted [her] administrative remedies by filing a charge of discrimination with the EEOC." (citations omitted)), *with Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 878 (5th Cir. 1991) ("The EEOC filing requirement functions as a statute of limitations rather than a jurisdictional prerequisite. It is a pre-condition to filing suit in district court, but it is not related to the subject matter jurisdiction of the court." (internal quotations and citation omitted)).

Title VII claims "may only be adjudicated in federal court if the plaintiff exhausted [ ] administrative remedies in a timely manner." *Brown v. Jimmons*, Civ. A. H-15-2108, 2016 WL 4570758, at *2 (S.D. Tex. Aug. 31, 2016) (citing 42 U.S.C. § 2000e-5(e)(1); *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 1994)). "[T]o exhaust administrative remedies" under Title VII, a plaintiff "must file a charge of discrimination with the EEOC within 180 days of the date of the alleged discrimination, or within 300 days of the alleged discrimination if he institutes his action with the appropriate state agency." *Owens v. Dallas Cnty. Cmty. College Dist.*, No. 3:16-cv-3162-L, 2017 WL 3190727, at *2 (N.D. Tex. May 16, 2017) (citation omitted), *rec. accepted*, 2017 WL 3172748 (N.D. Tex. July 26, 2017); *see also Draper v. Willis Knighton Med. Cent.*, Civ. A. No. 15-1968, 2017 WL 3711809, at *1 (W.D. La. Aug. 28, 2017) ("An employee seeking judicial relief from proscribed discriminatory employment practices must first exhaust her administrative remedies by filing a

charge of discrimination with the EEOC no more than 300 days after the alleged discriminatory employment action occurred.... A court analyzing the scope issue must engage in a 'fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label.'" (quoting *Pacheco*, 448 F.3d at 789)); *cf. Patton v. Jacobs Eng'g Group, Inc.*, 874 F.3d 437, 443 (5th Cir. 2017) (noting that courts in this circuit interpret "what is properly embraced in review of a Title-VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination'" (quoting *Pacheco*, 448 F.3d at 789 (quoting, in turn, *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970))))).

First, the second charge is untimely on its face, as the events alleged to form the basis of that charge occurred more than 600 days before the charge was filed. And the timing of the first complaint (filed prior to Ms. Callins's termination) and the facts specified in each charge show that the second (untimely) charge does not relate back to the first charge. *Cf.* 29 U.S.C. § 1601.12(b) ("A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.").

Swift has therefore "established that the [second] charge was not filed on time,"

-11-

and the burden shifts to Ms. Callins "to show that the limitations period was subject to equitable tolling or equitable estoppel." *McIver v. Am. Eagle Airlines, Inc.*, 413 F. App'x 772, 777 (5th Cir. 2011) (per curiam) (discussing the analogous ADEA; citing *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992); *Rhodes*, 927 F.2d at 878); *accord Sun River Energy, Inc. v. McMillan*, No. 3:13-cv-2456-D, 2014 WL 4771852, at *9 (N.D. Tex. Sept. 25, 2014) (applying *McIver* in summary judgment context, observing that, "[a]lthough defendants have the burden of establishing the affirmative defense of limitations, [the plaintiff] has the burden of proving equitable or legal tolling of the limitations period"). Because Ms. Callins has not carried this burden, even if the Court draws all reasonable inferences in her favor, Swift has carried its burden of showing that beyond peradventure there are no genuine and material fact disputes on its affirmative defense that the claims presented in the second charge of discrimination are barred because Ms. Callins failed to timely exhaust those claims.

Swift is therefore entitled to summary judgment as a matter of law on its defense, requiring that the Court dismiss Ms. Callins's claim of Title VII retaliation – which only could have been exhausted through an investigation that could reasonably been expected to grow out of the second charge – and only consider those events alleged in the first charge as the grounds for her claim of Title VII discrimination.

### B. Discrimination

"Title VII prohibits discrimination 'because of' a protected characteristic, including race" and sex. *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 216, 219 (5th Cir.

2016) (citing 42 U.S.C. § 2000e-2(a)(1)). And, in the absence of direct evidence, Title VII discrimination claims are analyzed under the framework set out by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), under which a plaintiff must first establish a prima facie case of discrimination before the case may proceed. *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007); *Outley*, 840 F.3d at 216, 219.

> To establish a prima facie claim of discrimination, a plaintiff must show that he
>
> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*Id.* at 556 (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)); *Outley*, 840 F.3d at 216.

"[T]he third prong ... require[s] an 'ultimate employment decision' or its factual equivalent." *Brooks v. Firestone Polymers, L.L.C.*, 640 F. App'x 393, 396-97 (5th Cir. 2016) (per curiam) (citing *McCoy*, 492 F.3d at 560; *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014)). This "judicially-coined term refer[s] to an employment decision that affects the terms and conditions of employment ... such as hiring, firing, demoting, promoting, granting leave, and compensating." *Thompson*, 764 F.3d at 503 (citations omitted); *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006) (holding that the anti-discrimination provision of Title VII "explicitly limit[s] the scope of that provision to actions that affect employment or alter the conditions of the workplace").

> If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action. The employer's burden is only one of production, not persuasion, and involves no credibility assessment. If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose. To carry this burden, the plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer.

*McCoy*, 492 F.3d at 557 (footnotes omitted); *see, e.g.*, *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 827-28 (5th Cir. 2015) (affirming the district court's recognition that, even where a plaintiff establishes a prima facie case, an employer "would nevertheless be entitled to summary judgment if it 'articulated a legitimate, nondiscriminatory ... reason for its employment action' and [the plaintiff] could not show a triable issue of fact as to whether 'the employer's proffered reason is not true but instead is a pretext' for a discriminatory purpose" (quoting *McCoy*, 492 F.3d at 557; original brackets omitted)).

Ms. Callins fails to establish a prima facie case of either race or sex discrimination. Even if Swift's allegedly giving "less financially beneficial routes" to African-American drivers amounts to an ultimate employment action, *but cf. Washington v. Veneman*, 109 F. App'x 685, 689 (5th Cir. 2004) (per curiam) (denying a performance award does not constitute an ultimate employment action), Ms. Callins still has not established the fourth requirement by showing that she "was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group," *McCoy*, 492 F.3d at 556. She has not come forward with competent summary judgment evidence to show that a

particular non-African American employee in her position and "under nearly identical circumstances" was treated more favorably – that is, as she alleges, was given more financially beneficial routes than her. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009).[1]

II.     Breach of Contract

Ms. Callins offers no competent summary judgment evidence to show that she was anything other than an at-will Texas employee or that, as an at-will employee, she "was fired for failing to commit an illegal act." *Armstrong v. Boehringer Ingelheim Pharm., Inc.*, No. 3:08-cv-1458-O, 2010 WL 2540751, at *21 (N.D. Tex. June 21, 2010) ("As for wrongful discharge, it is black letter law in Texas that the sole basis for such a claim is that common law exception to at-will employment law under which a case lies where the employee was fired for failing to commit an illegal act." (citing *Sabine*

---

[1] *See also Wright v. Chevron Phillips Chem. Co., L.P.*, 734 F. App'x 931, 934 (5th Cir. 2018) (per curiam) ("Both the comparator and the conduct must be 'nearly identical' (except for the protected characteristic) to the person and situation in question yet the two yielded dissimilar results." (quoting *Outley*, 840 F.3d at 217-18 (quoting, in turn, *Lee*, 574 F.3d at 260))); *Noble v. Lear Siegler Svcs., Inc.*, 554 F. App'x 275, 276 (5th Cir. 2014) (per curiam) (rejecting an African-American plaintiff's claim that he established this prima facie element by asserting that "five Caucasian men in his unit kept their jobs" because he failed to "show that these comparators were under 'nearly identical circumstances'" by presenting "evidence regarding the comparators' job descriptions, qualifications, experience, work and disciplinary history, or other information that would indicate that they were similarly situated" (quoting *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001))); *Reyna v. Donley*, 479 F. App'x 609, 611-12 (5th Cir. 2012) (per curiam) ("An employee must proffer a comparator who was treated more favorably 'under nearly identical circumstances,' which is satisfied when 'the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories.'" (quoting *Lee*, 574 F.3d at 260)).

*Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985); citations and footnote omitted)); *see also Sawyer v. E.I. Du Pont De Nemours & Co.*, 430 S.W.3d 396, 399 (Tex. 2014) ("Texas courts have created only one" exception to the at-will doctrine: "prohibiting an employee from being discharged for refusing to perform an illegal act.")).

As a consequence, Swift should be granted judgment as a matter of law on Ms. Callins's breach-of-contract claim.

## Recommendation

The Court should grant Defendant Swift Transportation Co. of Arizona, LLC's motion for summary judgment [Dkt. No. 57] and dismiss Plaintiff Patricia I. Callins's remaining claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 4, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE